**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| KOM SOFTWARE INC., | § |
| | § |
| *Plaintiff,* | § |
| | § CIVIL ACTION NO. _____ |
| v. | § |
| | § |
| NETAPP, INC., APACHE CORPORATION, | § **JURY TRIAL DEMANDED** |
| and ON SEMICONDUCTOR, LLC, | § |
| | § |
| *Defendants.* | § |

## ORIGINAL COMPLAINT

Plaintiff KOM Software Inc. ("Plaintiff" or "KOM"), by and through its attorneys, for its

Original Complaint against NetApp, Inc., ("NetApp"), Apache Corporation ("Apache"), and ON

Semiconductor, LLC ("ON Semiconductor") (together, "Defendants") and demanding trial by

jury, hereby alleges as follows:

### I.   NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the patent laws of the

United States, 35 U.S.C. §§ 271, *et seq.*, to enjoin and obtain damages resulting from

Defendants' unauthorized use, sale, and offer to sell in the United States of products, methods,

processes, services and/or systems that infringe KOM's United States patents, as described

herein.

2.      NetApp manufactures, provides, uses, sells, offers for sale, imports, and/or

distributes infringing products and services; and encourages others to use its products and

services in an infringing manner, including Apache, ON Semiconductor, and other of its

customers, as set forth herein.

3.      KOM seeks past and future damages and prejudgment and post-judgment interest for NetApp's past infringement of the Patents-in-Suit, as defined below.

## II.  PARTIES

4.      Plaintiff KOM Software Inc. is a corporation organized and existing under the laws of Canada.  Its principal place of business is 150 Katimavik Road, Suite 302, Ottawa, Ontario K2L 2N2 Canada.

5.      On information and belief, Defendant NetApp is a corporation organized under the laws of Delaware. NetApp's registered agent for service of process in Delaware is Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

6.      On information and belief, Defendant Apache is a corporation organized under the laws of Delaware. Apache's registered agent for service of process in Delaware is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

7.      On information and belief, Defendant ON Semiconductor is a corporation organized under the laws of Delaware. ON Semiconductor's registered agent for service of process in Delaware is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## III.  JURISDICTION AND VENUE

8.      This is an action for patent infringement which arises under the patent laws of the United States, in particular, 35 U.S.C. §§ 271, 281, 283, 284 and 285.

9.      This Court has exclusive jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

10.     On information and belief, venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because Defendants have incorporated in this State, have

transacted business in this Judicial District, and have committed and/or induced acts of patent infringement in this Judicial District.

11.     On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Delaware Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Delaware and in this Judicial District.

## FACTUAL ALLEGATIONS

### BACKGROUND

12.     Founded in 1969, KOM Software provides secure data archiving and storage management software and solutions globally. KOM Software is a world-leading developer of secure data software to safeguard, secure, protect and preserve information.  For over three decades, KOM has set industry standards for securing data that other companies aspire to emulate and follow. KOM develops next-generation secure data software solutions that work on any infrastructure to deliver cloud-like economics and agility, with the security and reliability of on-premise solutions.

13.     KOM delivers affordable, easy-to-use and highly-scalable long-term secure data storage software solutions that safeguard and protect information to meet individual customer needs across the most highly regulated industries and that support critical third-party applications such as E-mail archiving, Enterprise Content Management (ECM) and Document Management Systems (DMS).

14.     KOM also offers KOMpliance, an enterprise-class industry leading software solution enforcing data security, privacy and protection against security threats and

vulnerabilities - like ransomware, and accidental or malicious acts.  KOMpliance sets the mark for cost-effective, easy-to-implement and maintain, long-term secure data integrated solutions for secure data storage. KOMpliance represents a next generation of software technologies following historical  KOM  product  offerings  including  OptiFile,  a  VMS  based  storage  management software enabling direct-write to Write-Once-Read-Many "WORM" optical disk for data archive and compliance;  OptiServer, a UNIX based storage management software for archiving, access, and  protection  of  mission  critical  data  on  optical  media  and  jukeboxes;  and  KOMworx,  a Windows-based  storage  management  software  solution  that  provides  compliance,  archiving, fixed content  hard  disk  archiving,  dynamic  capacity  management,  and  information  lifecycle management.

16.    KOM  patented  software-based  immutable  WORM  and  encryption  for unconditionally  enforcing  retention,  privacy  and  secure  erasure  to  meet  strict  compliance regulations, mitigate risks, and eliminate errors avoiding punitive fines and penalties without having  to  deploy  proprietary  hardware.    KOM's  unique  approach  to  data  security  allows organizations to take on advances in storage and server technology without having to resort to proprietary vendor locked hardware solutions to protect their data.

<u>PATENTS-IN-SUIT</u>

16.    KOM  is  the  owner  of  all  right,  title  and  interest  in  and  to  U.S.  Patent  No. 6,438,642  (the  "'642  Patent"),  entitled  "File-based  virtual  storage  file  system,  method  and computer  program  product  for  automated  file  management  on  multiple  file  system  storage devices," issued on August 20, 2002. A copy of the '642 Patent is attached as Exhibit A.

17.    KOM  is  the  owner  of  all  right,  title  and  interest  in  and  to  U.S.  Patent  No. 7,392,234  (the  "'234  Patent"),  entitled  "Method  and  system  for  electronic  file  lifecycle management," issued on June 24, 2008.  A copy of the `234 Patent is attached as Exhibit B.

18.     KOM is the owner of all right, title and interest in and to U.S. Patent No. 6,654,864 (the "'864 Patent"), entitled "Method and system for providing restricted access to a storage medium," issued on November 25, 2003.  A copy of the `864 Patent is attached as Exhibit C.

19.     KOM is the owner of all right, title and interest in and to U.S. Patent No. 7,076,624 (the "'624 Patent"), entitled "Method and system for providing restricted access to a storage medium," issued on July 11, 2006.  A copy of the `624 Patent is attached as Exhibit D.

20.     KOM is the owner of all right, title and interest in and to U.S. Patent No. 7,536,524 (the "'524 Patent"), entitled "Method and system for providing restricted access to a storage medium," issued on May 19, 2009.  A copy of the `524 Patent is attached as Exhibit E.

21.     KOM is the owner of all right, title and interest in and to U.S. Patent No. 8,234,477 (the "'477 Patent"), entitled "Method and system for providing restricted access to a storage medium," issued on July 31, 2012.  A copy of the `477 Patent is attached as Exhibit F.

22.     KOM is the owner of all right, title and interest in and to U.S. Patent No. 9,361,243 (the "'243 Patent"), entitled "Method and system for providing restricted access to a storage medium," issued on June 7, 2016.  A copy of the `243 Patent is attached as Exhibit G.

23.     The '642 Patent and '234 Patent derive from a common specification, and are referred to herein as "Family 1."

24.     The '864 Patent, '624 Patent, '524 Patent, '477 Patent and '243 Patent derive from a common specification, and are referred to herein as "Family 2."

25.     Together, the foregoing patents are referred to herein as the "Patents-in-Suit." KOM is the assignee of the Patents-in-Suit, and has all substantial rights to sue for infringement and collect past and future damages for the infringement thereof.

D<span style="font-variant:small-caps">EFENDANTS</span>' A<span style="font-variant:small-caps">CTS</span>

26.     NetApp provides software and services directed to detection, analysis and monitoring of data flow in a data network environment.

27.     For example, NetApp provides Data ONTAP, including the ONTAP 9 Data Management Software.  ONTAP includes the OnCommand management platform, which helps automate storage processes.

28.     Using ONTAP, storage processes can be integrated into customers' data centers for end-to-end service delivery for private and hybrid cloud services.  NetApp ONTAP provides a software-defined storage infrastructure using flexible storage configurations.

29.     NetApp also provides NetApp Management Console.  The NetApp Management Console data protection capability provides a policy-based management tool to help unify and automate backup and mirroring operations.

30.     The NetApp Management Console provisioning capability helps simplify and automate the tasks of provisioning and managing storage. It provides policy-based provisioning and conformance of storage in datasets. This capability also enables adding volumes or qtrees to a dataset at any time, provides manual controls for space and capacity management of existing storage and newly provisioned storage, and enables migration of datasets and vFiler units to a new storage destination.

31.     For example, ONTAP Select converts a server's internal disk drives, SSD or HDD, as well as HCI and external array storage into an agile, flexible storage platform with many of the same benefits that dedicated storage systems that are based on NetApp ONTAP offer.

32.     ONTAP includes SnapLock.  SnapLock is used for the storage of read-only WORM data.  Marking an active writable file as read-only on a SnapLock volume commits the

data to WORM. When a file is committed to WORM, it cannot be altered or deleted by applications, users, or administrators until the file retention date is reached.

33.    The data that is committed to the WORM state on a SnapLock volume cannot be changed or deleted before its retention date. Directories do not behave any differently than they would on regular volumes, with the exception that they cannot be renamed or moved once created.

34.    NetApp also provides StorageGRID Webscale, which stores and manages unstructured data at scale for secure, durable object storage.

35.    In StorageGRID, information lifecycle management (ILM) settings determine how an object's data is managed and protected from loss over time. These settings are applied through an active ILM policy, which is made up of ILM rules.

36.    Every object ingested into the StorageGRID Webscale system is evaluated against the system's active ILM policy and then its object data is copied and distributed based on the active ILM policy's ILM rules. An object's metadata is managed by the DDS service and not through ILM rules.

37.    NetApp instructs its customers to infringe the Patents-in-Suit, including through its provision of product documentation and support at https://library.netapp.com/ecmdocs.

38.    Apache practices the methods and uses the systems claimed in the Patents-in-Suit, including, without limitation, in connection with its use and deployment of the Clustered Data ONTAP 8.3. Apache's use of Clustered Data ONTAP 8.3 is described in a case study that can be found at https://www.netapp.com/us/media/cs-apache-aff_tcm10-149606.pdf.

39.    Through its use of NetApp's Clustered Data ONTAP 8.3, Apache has increased its ability to manage seismic data modeling, decreased its storage latency to micro seconds, and

is able to access its 3D models in near-real-time. Apache is capable of handling more iterations of data and has experienced boosted productivity by hours each day. Due to its use of clustered Data ONTAP, Apache has an improved data infrastructure, has constant access to its data, and is more capable of meeting its challenges in the oil and gas industry.

40.     ON Semiconductor also practices the methods and uses the systems claimed in the Patents-in-Suit, including without limitation in connection with its use and deployment of ONTAP Data Management Software. ON Semiconductor's use of ONTAP Data Management Software is described in a case study that can be found at https://www.netapp.com/us/company/customer-stories/on-semiconductor.aspx.

41.     Through its use of NetApp's ONTAP Data Management Software, ON Semiconductor has increased its data availability and disaster recovery for its global manufacturing operations. ON Semiconductor experienced 26% improvement in recovery time objectives and 50% improvement in recovery point objectives. Additionally, ON Semiconductor implemented a standardizing of its infrastructure across 125 global sites and the ONTAP Software enabled non-disruptive operations during hardware and software updates and enables ON Semiconductor to scale out its storage as the company adds new sites. As a result, ON Semiconductor has reduced its costs to operate by 30% and reduced its energy consumption by 40%, leading to an increase in cost savings with an increase in productivity.

42.     In addition, NetApp provides installation and support services, including NetApp Services as described on its website, https://www.netapp.com/us/services/index.aspx.

43.     On information of belief, Defendant NetApp also implements contractual protections in the form of license and use restrictions with its customers to preclude the unauthorized reproduction, distribution and modification of its software and systems.  Moreover,

on information and belief, Defendant NetApp implements technical precautions to attempt to prevent customers from circumventing the intended operation of NetApp's products.

## IV.   COUNTS OF PATENT INFRINGEMENT

COUNT ONE
INFRINGEMENT OF U.S. PATENT NO. 6,438,642

44.     KOM incorporates by reference its allegations in Paragraphs 1-43 as if fully restated in this paragraph.

45.     KOM is the assignee and owner of all right, title and interest to the '642 Patent. KOM has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

46.     On information and belief, Defendants NetApp, Apache, and ON Semiconductor, without authorization or license from KOM, have been and are presently directly infringing at least claim 12 of the '642 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using (including for testing purposes), selling and offering for sale methods and articles infringing one or more claims of the '642 Patent.  Defendants NetApp, Apache, and ON Semiconductor are thus liable for direct infringement of the '642 Patent pursuant to 35 U.S.C. § 271(a).  Exemplary infringing instrumentalities include ONTAP 9 Data Management Software and all associated interfaces, hardware, software, and digital content.

47.     On information and belief, at least since being served with the Original Complaint, Defendant NetApp, without authorization or license from KOM, has been and is presently indirectly infringing at least claim 1 of the '642 Patent, including actively inducing infringement of the '642 Patent under 35 U.S.C. § 271(b).  Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing customers to use infringing articles and methods that NetApp knows or should know infringe one or more

claims of the '642 Patent.   NetApp instructs its customers, including Apache and ON Semiconductor, to make and use the patented inventions of the '642 Patent by operating NetApp's products in accordance with NetApp's specifications.   NetApp specifically intends its customers, including Apache and ON Semiconductor to infringe by implementing ONTAP 9 Data Management Software software-defined storage infrastructure to implement policy management.

48.     As a result of NetApp's, Apache's, and ON Semiconductor's infringement of the '642 Patent, KOM has suffered monetary damages, and is entitled to an award of damages adequate to compensate it for such infringement under 35 U.S.C. § 284, including lost profits but in no event less than a reasonable royalty.

COUNT TWO
INFRINGEMENT OF U.S. PATENT NO. 7,392,234

49.     KOM incorporates by reference its allegations in Paragraphs 1-48 as if fully restated in this paragraph.

50.     KOM is the assignee and owner of all right, title and interest to the '234 Patent. KOM has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

51.     On information and belief, Defendants NetApp, Apache, and ON Semiconductor, without authorization or license from KOM, has been and is presently directly infringing at least claim 1 of the '234 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using (including for testing purposes), selling and offering for sale methods and articles infringing one or more claims of the '234 Patent.   Defendants NetApp, Apache, and ON Semiconductor are thus liable for direct infringement of the '234 Patent pursuant to 35 U.S.C. §

271(a).  Exemplary infringing instrumentalities include ONTAP 9 Data Management Software and all associated interfaces, hardware, software, and digital content.

52.     On information and belief, at least since being served with the Original Complaint, Defendant NetApp, without authorization or license from KOM, has been and is presently indirectly infringing at least claim 1 of the '234 Patent, including actively inducing infringement of the '234 Patent under 35 U.S.C. § 271(b).  Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing customers to use infringing articles and methods that NetApp knows or should know infringe one or more claims of the '234 Patent.  NetApp instructs its customers, including Apache and ON Semiconductor, to make and use the patented inventions of the '234 Patent by operating NetApp's products in accordance with NetApp's specifications.  NetApp instructs its customers to make and use the patented inventions of the '234 Patent by operating NetApp's products in accordance with NetApp's specifications.  NetApp specifically intends its customers, including Apache and ON Semiconductor, to infringe by implementing ONTAP 9 Data Management Software software-defined storage infrastructure to implement policy management.

53.     As a result of NetApp's, Apache's, and ON Semiconductor's infringement of the '234 Patent, KOM has suffered monetary damages, and is entitled to an award of damages adequate to compensate it for such infringement under 35 U.S.C. § 284, including lost profits but in no event less than a reasonable royalty.

COUNT THREE
INFRINGEMENT OF U.S. PATENT NO. 6,654,864

54.     KOM incorporates by reference its allegations in Paragraphs 1-53 as if fully restated in this paragraph.

55.     KOM is the assignee and owner of all right, title and interest to the '864 Patent. KOM has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

56.     On information and belief, Defendants, NetApp, Apache, and ON Semiconductor, without authorization or license from KOM, have been and are presently directly infringing at least claim 1 of the '864 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using (including for testing purposes), selling and offering for sale methods and articles infringing one or more claims of the '864 Patent.  Defendants are thus liable for direct infringement of the '864 Patent pursuant to 35 U.S.C. § 271(a).  Exemplary infringing products include ONTAP and SnapLock.

57.     On information and belief, at least since the receipt of written notice and the filing of the Original Complaint, Defendant NetApp, without authorization or license from KOM, has been and is presently indirectly infringing at least claim 1 of the '864 Patent, including actively inducing infringement of the '864 Patent under 35 U.S.C. § 271(b).  Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing customers to use infringing articles and methods that NetApp knows or should know infringe one or more claims of the '864 Patent.  NetApp instructs its customers, including Apache and ON Semiconductor, to make and use the patented inventions of the '864 Patent by operating NetApp's products in accordance with NetApp's specifications.  NetApp specifically intends its customers, including Apache and ON Semiconductor, to infringe by implementing ONTAP with SnapLock for the storage of read-only WORM data.  Marking an active writable file as read-only on a SnapLock volume commits the data to WORM.  When a file is committed to WORM, it

cannot be altered or deleted by applications, users, or administrators until the file retention date is reached.

58.     As a result of NetApp's infringement of the '864 Patent, KOM has suffered monetary damages, and is entitled to an award of damages adequate to compensate it for such infringement under 35 U.S.C. § 284, including lost profits but in no event less than a reasonable royalty.

COUNT FOUR
INFRINGEMENT OF U.S. PATENT NO. 7,076,624

59.     KOM incorporates by reference its allegations in Paragraphs 1-58 as if fully restated in this paragraph.

60.     KOM is the assignee and owner of all right, title and interest to the '624 Patent. KOM has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

61.     On information and belief, Defendants NetApp, Apache, and ON Semiconductor, without authorization or license from KOM, have been and are presently directly infringing at least claim 12 of the '624 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using (including for testing purposes), selling and offering for sale methods and articles infringing one or more claims of the '624 Patent.  Defendants are thus liable for direct infringement of the '624 Patent pursuant to 35 U.S.C. § 271(a).  Exemplary infringing products include ONTAP and SnapLock.

62.     On information and belief, at least since the receipt of written notice and the filing of the Original Complaint, Defendant NetApp, without authorization or license from KOM, has been and is presently indirectly infringing at least claim 1 of the '624 Patent, including actively inducing infringement of the '624 Patent under 35 U.S.C. § 271(b).  Such inducements include

without limitation, with specific intent to encourage the infringement, knowingly inducing customers to use infringing articles and methods that NetApp knows or should know infringe one or more claims of the '624 Patent. NetApp instructs its customers, including Apache and ON Semiconductor, to make and use the patented inventions of the '624 Patent by operating NetApp's products in accordance with NetApp's specifications. NetApp specifically intends its customers, including Apache and ON Semiconductor, to infringe by implementing ONTAP with SnapLock for the storage of read-only WORM data. Marking an active writable file as read-only on a SnapLock volume commits the data to WORM. When a file is committed to WORM, it cannot be altered or deleted by applications, users, or administrators until the file retention date is reached.

63.     As a result of NetApp's, Apache's, and ON Semiconductor's infringement of the '624 Patent, KOM has suffered monetary damages, and is entitled to an award of damages adequate to compensate it for such infringement under 35 U.S.C. § 284, including lost profits but in no event less than a reasonable royalty.

COUNT FIVE
INFRINGEMENT OF U.S. PATENT NO. 7,536,524

64.     KOM incorporates by reference its allegations in Paragraphs 1-63 as if fully restated in this paragraph.

65.     KOM is the assignee and owner of all right, title and interest to the '524 Patent. KOM has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

66.     On information and belief, Defendants NetApp, Apache, and ON Semiconductor, without authorization or license from KOM, have been and are presently directly infringing at least claim 29 of the '524 Patent, as infringement is defined by 35 U.S.C. § 271(a), including

through making, using (including for testing purposes), selling and offering for sale methods and articles infringing one or more claims of the '524 Patent.  Defendants are thus liable for direct infringement of the '524 Patent pursuant to 35 U.S.C. § 271(a).  Exemplary infringing products include ONTAP and SnapLock.

67.     On information and belief, at least the filing of the Original Complaint, Defendant NetApp, without authorization or license from KOM, has been and is presently indirectly infringing at least claim 1 of the '524 Patent, including actively inducing infringement of the '524 Patent under 35 U.S.C. § 271(b).  Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing customers to use infringing articles and methods that NetApp knows or should know infringe one or more claims of the '524 Patent.  NetApp instructs its customers, including Apache and ON Semiconductor, to make and use the patented inventions of the '524 Patent by operating NetApp's products in accordance with NetApp's specifications.  NetApp specifically intends its customers, including Apache and ON Semiconductor, to infringe by implementing ONTAP with SnapLock for the storage of read-only WORM data.  Marking an active writable file as read-only on a SnapLock volume commits the data to WORM.  When a file is committed to WORM, it cannot be altered or deleted by applications, users, or administrators until the file retention date is reached.

68.     As a result of NetApp's, Apache's, and ON Semiconductor's infringement of the '524 Patent, KOM has suffered monetary damages, and is entitled to an award of damages adequate to compensate it for such infringement under 35 U.S.C. § 284, including lost profits but in no event less than a reasonable royalty.

COUNT SIX
INFRINGEMENT OF U.S. PATENT NO. 8,234,477

69.    KOM incorporates by reference its allegations in Paragraphs 1-68 as if fully restated in this paragraph.

70.    KOM is the assignee and owner of all right, title and interest to the '477 Patent. KOM has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

71.    On information and belief, Defendants NetApp, Apache, and ON Semiconductor, without authorization or license from KOM, has been and is presently directly infringing at least claim 1 of the '477 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using (including for testing purposes), selling and offering for sale methods and articles infringing one or more claims of the '477 Patent.   Defendants are thus liable for direct infringement of the '477 Patent pursuant to 35 U.S.C. § 271(a).   Exemplary infringing products include ONTAP and SnapLock.

72.    On information and belief, at least since the filing of the Original Complaint, Defendant NetApp, without authorization or license from KOM, has been and is presently indirectly infringing at least claim 1 of the '477 Patent, including actively inducing infringement of the '477 Patent under 35 U.S.C. § 271(b).   Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing customers to use infringing articles and methods that NetApp knows or should know infringe one or more claims of the '477 Patent.   NetApp instructs its customers, including Apache and ON Semiconductor, to make and use the patented inventions of the '477 Patent by operating NetApp's products in accordance with NetApp's specifications.   NetApp specifically intends its customers, including Apache and ON Semiconductor, to infringe by implementing ONTAP with SnapLock for the storage of read-

only WORM data.  Marking an active writable file as read-only on a SnapLock volume commits the data to WORM.  When a file is committed to WORM, it cannot be altered or deleted by applications, users, or administrators until the file retention date is reached.

73.     As a result of NetApp's, Apache's, and ON Semiconductor's infringement of the '477 Patent, KOM has suffered monetary damages, and is entitled to an award of damages adequate to compensate it for such infringement under 35 U.S.C. § 284, including lost profits but in no event less than a reasonable royalty.

COUNT SEVEN
INFRINGEMENT OF U.S. PATENT NO. 9,361,243

74.     KOM incorporates by reference its allegations in Paragraphs 1-73 as if fully restated in this paragraph.

75.     KOM is the assignee and owner of all right, title and interest to the '243 Patent. KOM has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

76.     On information and belief, Defendants NetApp, Apache, and ON Semiconductor, without authorization or license from KOM, has been and is presently directly infringing at least claim 1 of the '243 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using (including for testing purposes), selling and offering for sale methods and articles infringing one or more claims of the '243 Patent.  Defendant NetApp is thus liable for direct infringement of the '243 Patent pursuant to 35 U.S.C. § 271(a).  Exemplary infringing products include ONTAP and SnapLock.

77.     On information and belief, at least since the filing of the Original Complaint, Defendant NetApp, without authorization or license from KOM, has been and is presently indirectly infringing at least claim 1 of the '243 Patent, including actively inducing infringement

of the '243 Patent under 35 U.S.C. § 271(b).  Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing customers to use infringing articles and methods that NetApp knows or should know infringe one or more claims of the '243 Patent.  NetApp instructs its customers, including Apache and ON Semiconductor, to make and use the patented inventions of the '243 Patent by operating NetApp's products in accordance with NetApp's specifications.  NetApp specifically intends its customers, including Apache and ON Semiconductor, to infringe by implementing ONTAP with SnapLock for the storage of read-only WORM data.  Marking an active writable file as read-only on a SnapLock volume commits the data to WORM.  When a file is committed to WORM, it cannot be altered or deleted by applications, users, or administrators until the file retention date is reached.

78.     As a result of NetApp's, Apache's, and ON Semiconductor's infringement of the '243 Patent, KOM has suffered monetary damages, and is entitled to an award of damages adequate to compensate it for such infringement under 35 U.S.C. § 284, including lost profits but in no event less than a reasonable royalty.

## VI.     WILLFUL INFRINGEMENT

79.     Plaintiff alleges upon information and belief that, in connection with the knowledge it gained in connection with its own prosecution activities, Defendant and/or its closely-related affiliates have been made aware of at least the '864 Patent and '624 Patent.

80.     Notwithstanding this knowledge, Defendant NetApp has knowingly or with reckless disregard willfully infringed one or more of the foregoing Patents-in-Suit.  Defendant NetApp has thus had actual notice of infringement of one or more of the Patents-in-Suit and acted despite an objectively high likelihood that its actions constituted infringement of Plaintiff's valid patent rights.

81.     This objective risk was either known or so obvious that it should have been known to Defendant NetApp.  Accordingly, Plaintiff seeks enhanced damages pursuant to 35 U.S.C. § 284.

## VII.    JURY DEMAND

82.     Plaintiff KOM demands a trial by jury of all matters to which it is entitled to trial by jury, pursuant to FED. R. CIV. P. 38.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, KOM prays for judgment and seeks relief against Defendant as follows:

A.      That the Court determine that one or more claims of the Patents-in-Suit is infringed by Defendants NetApp, Apache, and ON Semiconductor, either literally or under the doctrine of equivalents;

B.      That the Court award damages adequate to compensate KOM for the patent infringement that has occurred, together with prejudgment and post-judgment interest and costs, and an ongoing royalty for continued infringement;

C.      That the Court permanently enjoin Defendant pursuant to 35 U.S.C. § 283;

D.      That the Court award enhanced damages against Defendant NetApp pursuant to 35 U.S.C. §284; and

E.      That the Court award such other relief to KOM as the Court deems just and proper.

Dated: January 29, 2018

Of Counsel:

Andrew G. DiNovo
Christopher V. Goodpastor
Alexander H. Martin
DINOVO PRICE LLP
7000 N. MoPac Expressway, Suite 350
Austin, Texas  78731
Telephone:  (512) 539-2626
Telecopier:  (512) 539-2627
adinovo@dinovoprice.com
cgoodpastor@dinovoprice.com
amartin@dinovoprice.com

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiff*