IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KOM SOFTWARE INC.,

    Plaintiff,

v.

NETAPP, INC., APACHE CORPORATION,
and ON SEMICONDUCTOR, LLC,

    Defendants.

Civil Action No. 1:18-cv-00160-RGA

**MEMORANDUM ORDER**

Presently before me is Defendants' Motion to Dismiss. (D.I. 13). The Parties have fully briefed the issues. (D.I. 14, 21, 22). For the reasons set out below, I will **DENY** Defendants' motion.

## I. BACKGROUND

Plaintiff is a Canadian corporation in the business of providing "secure data archiving and storage management software and solutions." (D.I. 11 at ¶¶ 4, 12). It is the owner of the seven patents-in-suit. (*Id.* at ¶¶ 16-22). The asserted patents belong to two patent families. (*Id.* at ¶¶ 23-24). Family 1 is directed at Virtual Memory Systems and file lifecycle management. (D.I. 21 at 2 n.1). Members of Family 1 include U.S. Pat. Nos. 6,348,642 and 7,392,234. Family 2 is directed at Write-Once-Read-Many ("WORM") storage. (*Id.*). Members of Family 2 include U.S. Pat. Nos. 6,654,864 ("'864 Patent"), 7,076,624 ("'624 Patent"), 7,536,524, 8,234,477, and 9,361,243.

On January 29, 2018, Plaintiff sued NetApp, Inc. and two of NetApp's customers, Apache Corporation and ON Semiconductor, LLC, alleging direct and indirect infringement of

the patents-in-suit and that NetApp has willfully infringed the '864 Patent and the '624 Patent. (D.I. 11 at ¶¶ 44-81). On April 6, 2018, Defendants filed the present motion in response to Plaintiff's First Amended Complaint.

## II. LEGAL STANDARD

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept the complaint's factual allegations as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 555. The factual allegations do not have to be detailed, but they must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Id.* ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."). Moreover, there must be sufficient factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)).

## III. DISCUSSION

*1. Direct Infringement Claims*

Plaintiff alleges each of the Defendants directly infringes each of the patents-in-suit. The Court of Appeals for the Federal Circuit has addressed the issue of the sufficiency of a patent infringement complaint on multiple occasions. It seems apparent to me that the Court's view generally is that very little is required to plead a claim of patent infringement. For example, in

2

*Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256 (Fed. Cir. 2018), the Court reversed a district court dismissal of a patent infringement complaint. In relevant part, the Court of Appeals stated:

> The district court determined that Disc Disease failed to "explain how Defendants' products infringe on any of Plaintiff's claims" because it "merely alleges that certain of Defendants' products 'meet each and every element of at least one claim' of Plaintiff's patents." We disagree. Disc Disease's allegations are sufficient under the plausibility standard of *Iqbal/Twombly*. This case involves a simple technology. The asserted patents, which were attached to the complaint, consist of only four independent claims. The complaint specifically identified the three accused products—by name and by attaching photos of the product packaging as exhibits—and alleged that the accused products meet "each and every element of at least one claim of the '113 [or '509] Patent, either literally or equivalently." These disclosures and allegations are enough to provide VGH Solutions fair notice of infringement of the asserted patents. The district court, therefore, erred in dismissing Disc Disease's complaint for failure to state a claim.

*Disc Disease*, 888 F.3d at 1260 (alteration in original) (citations omitted).

In this case, the First Amended Complaint alleges that specifically-named products infringe claims of each of the seven patents, copies of which Plaintiff attached to the First Amended Complaint. The allegations are substantially identical, mirroring this format:

> On information and belief, [Defendants], without authorization or license from KOM, have been and are presently directly infringing at least [a claim] of [the Patent], as infringement is defined by 35 U.S.C. § 271(a), including through making, using (including for testing purposes), selling and offering for sale methods and articles infringing one or more claims of [the Patent]. [Defendants] are thus liable for direct infringement of [the Patent] pursuant to 35 U.S.C. § 271(a). Exemplary infringing instrumentalities include [NetApp software and hardware].

(D.I. 11 at ¶¶ 46, 51, 56, 61, 66, 71, 76).

3

I do not think meaningful distinctions can be made between complaints based on the number of independent claims,[1] the number of accused products,[2] or even the complexity of the technology.[3] On the basis of *Disc Disease*, I think each allegation of direct infringement in the First Amended Complaint states a claim.

*2. Induced Infringement Claims*

Plaintiff alleges that Defendant NetApp induces infringement of each of the patents-in-suit. Pursuant to 35 U.S.C. § 271(b), "[w]hoever actively induces infringement of a patent shall be liable as an infringer." "To prove induced infringement, the patentee must show direct infringement, and that the alleged infringer knowingly induced infringement and possesses specific intent to encourage another's infringement." *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1363 (Fed. Cir. 2012) (internal quotation marks omitted). Pre-suit knowledge is not required to plead induced infringement. *See Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 565 (D. Del. 2012).

Each of the induced infringement allegations is substantially identical, mirroring this format:

> On information and belief, at least since being served with the Original Complaint, Defendant NetApp, without authorization or license from KOM, has been and is presently indirectly infringing at least [a claim] of [the Patent],

---

[1] My understanding is that the sufficiency of each claim in a complaint is based on the allegations of that particular claim. Thus, from a sufficiency of the complaint basis, a complaint asserting two patents with two independent claims in each patent presents the same amount of notice as twenty patents with two independent claims in each patent.

[2] If the products are identified, I do not see any logical difference between the amount of notice given if there is one product or one hundred products.

[3] I am not a person of ordinary skill in the art of any technology, simple or complex. It is true that some patents are easier for me to understand than others, but I think the more relevant audience is the accused infringer. Generally-speaking, to a tech company, a tech patent is going to be simple, or at least understandable, even if I do not understand a word of it. Thus, what would be incomprehensible to me is still going to give "fair notice" to the company that makes the product, and to most companies that import, sell, or use the product.

4

including actively inducing infringement of [the Patent] under 35 U.S.C. § 271(b). Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing customers to use infringing articles and methods that NetApp knows or should know[4] infringe one or more claims of [the Patent]. NetApp instructs its customers, including Apache and ON Semiconductor, to make and use the patented inventions of [the Patent] by operating NetApp's products in accordance with NetApp's specifications. NetApp specifically intends its customers, including Apache and ON Semiconductor to infringe by implementing [NetApp Software with certain features].

(D.I. 11 at ¶¶ 47, 52, 57, 62, 67, 72, 77).

These claims, in combination with the rest of the First Amended Complaint, are adequate. Plaintiff sufficiently alleges Defendant NetApp's knowledge via service of the original Complaint. Moreover, Plaintiff identifies the direct infringers and the actions NetApp takes to induce that infringement. Plaintiff's allegation of NetApp's post-suit knowledge of the patent, coupled with the allegations indicating what actions are allegedly infringing, is sufficient.

3. *Willful Infringement Claims*

Defendants argue that Plaintiff fails to state a claim for willful infringement of the '864 Patent and the '624 Patent. "[A]llegations of willfulness without a specific showing of egregiousness are sufficient to withstand a motion to dismiss. Thus, where a complaint permits an inference that the defendant was on notice of the potential infringement and still continued its infringement, the plaintiff has pled a plausible claim of willful infringement." *Kyowa Hakka Bio, Co. v. Ajinomoto Co.*, 2018 WL 834583, at *13 (D. Del. Feb. 12, 2018) (citations omitted). When considering a motion to dismiss a willfulness claim, the Court must accept the complaint's factual allegations as true. *See Twombly*, 550 U.S. at 555-56 (2007).

---

[4] Although I find that Plaintiff sufficiently pleads its induced infringement claims, I note that the standard for induced infringement is not "should know." Proving a claim of induced infringement requires proof of actual knowledge or willful blindness. *See Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766-71 (2011).

5

Plaintiff alleges that NetApp obtained knowledge of the patents-in-suit during the prosecution of NetApp patents and has continued infringement despite that knowledge. (D.I. 11 at ¶¶ 79-80). NetApp argues that this allegation is untrue and therefore insufficient. (D.I. 13 at 12-13). However, NetApp's factual argument is an inappropriate basis for granting a motion to dismiss. Thus, as I assume Plaintiff's allegation of NetApp's knowledge to be true, it has pled a sufficient willfulness claim.

## IV. CONCLUSION

Plaintiff's First Amended Complaint adequately states Plaintiff's claims of direct infringement, induced infringement, and willful infringement of the patents-in-suit. Thus, Defendants' Motion to Dismiss (D.I. 13) is **DENIED**.

IT IS SO ORDERED this 26 day of November 2018.

                                                                         *Richard G. Andrews*
                                                                         United States District Judge