# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE  19899-1347

302 658 9200
302 658 3989 FAX

JEREMY A. TIGAN
(302) 351-9106
jtigan@morrisnichols.com

October 11, 2023

The Honorable William C. Bryson
U.S. Court of Appeals, Fed. Cir.
717 Madison Place, NW
Washington, DC  20439

**PUBLIC VERSION**

**Confidential Version Filed: October 11, 2023**
**Public Version Filed: October 19, 2023**

Re:  *KOM Software Inc. v. NetApp, Inc., et al.*, C.A. No. 18-160 (WCB) (D. Del.)

Dear Judge Bryson:

We write on behalf of NetApp to seek an order from the Court compelling Plaintiff KOM Software Inc. to produce a limited number of documents relevant to rebut KOM's assertion that NetApp harmed KOM's business.  Specifically, NetApp respectfully requests that the Court order KOM to produce (1) KOM's pre-suit patent licensing correspondence with targets other than NetApp, and (2) KOM's high-level financial documents from 2002 onward.

These documents will provide critical context to rebut a misleading narrative that KOM apparently intends to present at trial:  that it is NetApp—and NetApp alone—that KOM wrote to in 2005 regarding KOM's patents, and that it is NetApp—and NetApp alone—who subsequently drove KOM out of the market with the accused SnapLock technology.  NetApp expects that the letters to KOM's other targets will show that NetApp was not a special or primary target of KOM, as the market was crowded from the outset and dominated by many other players.  For similar reasons, NetApp expects that KOM's high-level financials will show that KOM's business was already in decline before NetApp gained any significant traction with SnapLock (which was released in 2003), and long before the issuance of the sole remaining asserted patent in June 2016.  There would be no burden to KOM in making this production.  NetApp is seeking only a small number of documents, and KOM has never asserted any burden in producing them.

### A.  KOM's Licensing With Targets Other Than NetApp Provides Important Context

The Court should compel KOM to produce its correspondence with competitors as part of a ███████████████████████████████████████, which is responsive to at least Common Request for Production No. 1.[1]

During discovery, KOM produced letters purportedly sent to NetApp in 2005 and 2006 that reference KOM's patent portfolio (including the previously asserted '864 patent) and offer

---

[1] Request for Production No. 1 seeks "[a]ll Documents and Things, including communications, referring or relating to any licenses [or] offers to license (whether successful or not) . . . that relate to any claim of the Patents-in-Suit and/or any related patent or patent application."  Ex. D at 4.

The Honorable William C. Bryson                                                                October 11, 2023

NetApp a license. *See* Ex. A ("Patent License Offer"). KOM intends to rely on these letters in this case, including at trial. *See* Ex. D at 22–24. But at his recent deposition, KOM's Rule 30(b)(6) witness, Kamel Shaath, testified that ███████████████████████████████████████████████ ███████████████████████████████████████████ Shaath Dep. Tr. (Ex. C) at 163:9–18, 164:17–20. He testified that ██████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ *Id.* at 165:1–166:24. KOM, however, refuses to produce this additional correspondence.

NetApp believes that the letters purportedly sent to it are irrelevant and inadmissible now that the '864 patent was held to be ineligible under Section 101 and the sole remaining asserted patent (the '243 patent) issued over a decade later. Thus, during the meet and confer process leading to this motion, NetApp offered to withdraw its request if KOM would agree to not raise the letters to NetApp in this case. But KOM refused NetApp's offer. Because KOM seeks to rely on the letters to NetApp, KOM should not be permitted to produce only those letters that KOM believes are advantageous to its case.

In view of KOM's purported letters to NetApp, the other correspondence from ████ ██████████ is highly relevant to provide important context to KOM's assertions. If the jury sees only the letters to purportedly sent to NetApp at trial, the jury may divine that there was a particularized reach-out to NetApp and that KOM viewed NetApp as a particularized threat to its business. The documentary evidence will counter that narrative, ████████████████ ████████ to other competitors in a crowded market. Although the witness ██████████ ████████████████████████████████████████████████████████████████████████ further necessitating production of these documents. Similarly, the requested discovery belies KOM's suggestion that it was commercially harmed by NetApp, rather than harmed by a saturated market. The requested letters will provide evidence on products in the market at the time that could have caused the purported economic harm to KOM.

In addition, KOM's letters to its other targets would also provide relevant context to the patent licenses KOM has granted. Indeed, since this case was filed, KOM has ████████ ████████████████████████████████████████████████████████████████████████ NetApp expects that ████████████████████████ would identify ████████████, which would in turn shed light on the effective royalty rates.

Finally, the requested discovery is relevant to ascertaining whether the letters were actually sent to NetApp. KOM did not produce any return receipts for the letters (which were purportedly sent by certified mail), and NetApp has no record of ever having received the letters. Discovery into ████████████████ will show whether there was a practice of retaining return receipts for other letters and what KOM's other practices were for tracking ██████████. Accordingly, as a matter of completeness and fairness, KOM should be compelled to produce its correspondence files from ████████████████.

**B.   KOM's Financials Will Show That Its Decline Was Not Caused by Infringement**

NetApp respectfully requests that the Court order KOM to produce at least one high-level financial document for each year from 2002 to 2011. These documents are responsive to at least

The Honorable William C. Bryson                                                                 October 11, 2023

Common Request for Production No. 36.[2] KOM produced one such document for each year from 2012 to the 2019 (the year of expiration of the remaining asserted patent), but has refused to produce the earlier requested documents, asserting that they are irrelevant. KOM asserts that because these are company-wide financials, not tied to a specific patented product, they need not be produced, especially in light of the fact that KOM has agreed to produce product-specific sales records.

This argument should be rejected because KOM has itself put its overall performance as a company at issue in this case. Indeed, KOM's Rule 30(b)(6) designee repeatedly testified ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *See, e.g.*, Shaath Dep. Tr. (Ex. C) at 40:5–47:24, 196:4–198:12.

NetApp expects that the financials will tell a different story: that KOM was in a state of decline from the early 2000s, before NetApp released SnapLock, before SnapLock gained significant traction in the market, and long before the 2016 hypothetical negotiation. NetApp is entitled to present this historical context to the jury.

C.   **There Is No Burden to KOM in Producing the Requested Documents**

Critically, KOM has not made any assertion there would be any burden in producing these documents. There would be none. Under these circumstances, Courts in this district routinely grant motions to compel, even without making a final determination of relevance for purposes of admissibility. *See Minerva Surgical, Inc. v. Hologic, Inc.*, No. CV 18-00217-JFB-SRF, 2019 WL 5092254, at *3 (D. Del. Oct. 11, 2019) ("For purposes of discovery, relevancy is broadly construed. Whether the information is admissible is a separate question."). The Court should do the same here.

With respect to the licensing correspondence, NetApp is asking for correspondence that KOM has readily at hand. KOM's Rule 30(b)(6) witness testified that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Shaath Dep. Tr. (Ex. C) at 166:8–24. Indeed, KOM already produced the correspondence to NetApp from the same correspondence file, and KOM apparently did not find that any undue burden in collecting those letters. The only conceivable reason KOM did not also produce the letters to KOM's other targets—which would have been easy to do at the same time—is because the full context they provide is unhelpful to KOM. That is precisely why these documents should be produced.

With respect to the financial documents, NetApp has requested only ten additional documents from the same files of the eight high-level financial documents KOM has already produced. Again, the only reason KOM would conceivably spend resources resisting the production of the earlier documents is because they undermine the attempt to place artificial focus on NetApp. And again, the Court should order their production for that very reason.

---

[2] Request for Production No. 36 seeks "[a]ll Documents and Things relating to the amount of damages KOM contends it has suffered as a result of the Defendants' alleged infringement of the asserted claims of the Patents-in-Suit . . . ." Ex. D at 28.

3

The Honorable William C. Bryson                                                October 11, 2023

                                                                    Respectfully,

                                                                    */s/ Jeremy A. Tigan*

                                                                     Jeremy A. Tigan (#5239)

JAT/lo
Encls.
cc:     All Counsel of Record (via electronic mail)